**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 21-CV-23609-SCOLA/GOODMAN**

JANICE LYNN ANDUJAR,

      Plaintiff,

v.

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON *SUA SPONTE* DISMISSAL**
**OF PLAINTIFF'S COMPLAINT**

United States District Judge Robert N. Scola, Jr. referred this case to the Undersigned for all pretrial proceedings. [ECF No. 5]. On October 12, 2021, Plaintiff Janice Lynn Andujar initiated this action by filing her Complaint [ECF No. 1] and a motion to proceed *in forma pauperis* [ECF No. 3]. Although Plaintiff filed these documents *pro se*, on November 4, 2021, an attorney, Zeffery Alexander Mims, entered a notice of appearance on Plaintiff's behalf. [ECF No. 4].

After reviewing Plaintiff's motion to proceed *in forma pauperis*, which consisted of both the short form and long form Application to Proceed in District Court Without Prepaying Fees or Costs, the Undersigned directed Ms. Andujar to provide clarification on two points: (1) a discrepancy between the short form and long form applications

concerning the amount of her monthly income and (2) information about the equity in her home. [ECF No. 6]. Ms. Andujar, through her attorney, complied with the Undersigned's request by filing a memorandum. [ECF No. 7].[1]

## I.    Background

Ms. Andujar's Complaint [ECF No. 1] consists of three parts: (1) a form titled "Complaint under the Civil Rights Act, 42 U.S.C. § 1983," on which she hand-wrote certain information; (2) an Exhibit "A," [ECF No. 1, pp. 2 -6], which appears to be a list of defendants; and (3) an Exhibit "B," [ECF No. 1, pp. 8-21], which is titled "Complaint for Violations of Civil Rights."

Although Exhibit A purports to be a list of defendants, none of the defendants in Exhibit A (other than some of the state and federal agencies listed below) are mentioned in Exhibit B. Thus, Plaintiff has not asserted *any* claims against anyone other than the state and federal agencies in Exhibit B.

The state and federal agencies named in Exhibit B are the following: the Agency for Health Care Administration (AHCA), the Florida Department of Health (FDOH), the Centers for Medicare and Medicaid Services (CMS), the U.S. Department of Health and

---

[1]    Ms. Andujar's memorandum [ECF No. 7] was improperly docketed as a motion. It is not, however, a motion because it does not seek relief from this Court. *See Mapes v. Hatcher Real Est.*, No. 1:19-CV-02162-TWP-MJD, 2019 WL 2567711, at *3 (S.D. Ind. June 21, 2019) (noting that a "filing [was] not a 'motion' because it [did] not request action by the Court, ask for relief from the Court, or require that any action be taken by the Court.").

Human Services Office (DHHS), and the Florida Department of Children and Families (DCF). [ECF No. 1, Exhibit B at ¶¶ 4-8].

According to Ms. Andujar, these state and federal agencies have violated her civil rights by failing to investigate her allegations of neglect and elder abuse concerning her father (also her ward), who is residing in a nursing home in Deltona, Florida and by failing to subpoena her father's medical records from the nursing home in order to investigate the alleged abuse. [ECF No. 1, Exhibit B at ¶¶ 9, 36-55].

Notably, Ms. Andujar filed a prior lawsuit in the Middle District of Florida stemming from the alleged failure to investigate her complaints about elder abuse and alleged failure to obtain medical records. *See Andujar v. 1851 Elkcam Boulevard Operations LLC et al.*, Case No. 20-cv-01804-RBD-EJK (M.D. Fla. Oct. 2, 2020).[2]

In that case, Ms. Andujar filed a *pro se* complaint against the nursing home and various individuals for purportedly violating her civil rights under section 1983. [ECF No. 1 in Case No. 20-cv-01804-RBD-EJK]. The gist of Plaintiff's *initial* complaint in the

---

[2]     The Undersigned is permitted to take judicial notice of Plaintiff's prior lawsuit in the Middle District of Florida. *See DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 434 (11th Cir. 2019) (noting that "district court . . . properly took judicial notice of the pleadings and orders in [plaintiff]'s earlier federal case stemming from her allegedly wrongful termination, as the records in that case were not subject to reasonable dispute"); *Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 19-CV-61509-WPD/SNOW, 2020 WL 9934410, at *1, n.1 (S.D. Fla. Apr. 9, 2020) ("The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent.").

Middle District was that the nursing home and various individuals violated her civil rights by, among other things, refusing to allow Plaintiff to visit her father and failing to timely provide her with her father's medical records. *Id.*

As in the instant case, Ms. Andujar's complaint there was accompanied by a motion to proceed *in forma pauperis*. [ECF No. 3 in Case No. 20-cv-01804-RBD-EJK]. Sometime thereafter, Zeffery Alexander Mims (the same attorney as in the instant case) filed an appearance on behalf of Ms. Andujar. [ECF No. 10 in Case No. 20-cv-01804-RBD-EJK].

On November 17, 2020, United States Magistrate Judge Embry J. Kidd issued an order [ECF No. 17 in Case No. 20-cv-01804-RBD-EJK] taking under advisement Ms. Andujar's motion to proceed *in forma pauperis* and directing Ms. Andujar to file an amended complaint to correct the pleading deficiencies identified in Judge Kidd's order. Specifically, Judge Kidd found that Ms. Andujar's initial complaint had failed to state a claim under section 1983 in that it did not include any allegations that the defendants were acting under color of state law and did not identify which of her constitutional rights had been violated. *Id.* at 3. Judge Kidd provided Ms. Andujar (now represented by Mr. Mims) with an opportunity to file an amended complaint. *Id.* at 4.

On December 8, 2020, Ms. Andujar filed her *amended* complaint for violation of her civil rights. [ECF No. 18 in Case No. 20-cv-01804-RBD-EJK]. The Undersigned notes that the amended complaint filed in the Middle District is, for all intents and purposes,

essentially the same document as the Exhibit B, [ECF No. 1, pp. 8-21], portion of Plaintiff's Complaint filed in the instant case.[3]

The amended complaint no longer named the nursing home and various individuals as defendants. [ECF No. 18 in Case No. 20-cv-01804-RBD-EJK]. Instead, it named the following state and federal agencies: the Agency for Health Care Administration (AHCA); the Florida Department of Health (FDOH); the Centers for Medicare and Medicaid Services (CMS); the U.S. Department of Health and Human Services Office (DHHS) Office for Civil Rights (OCR); and the Florida Department of Children and Families (DCF) Office of Civil Rights. *Id.* at ¶¶ 4-8.

These five state and federal agency defendants named in the amended complaint in the Middle District of Florida are the **same** state and federal agency defendants in the instant case.[4]  Additionally, the **legal claims are the same** in both documents. *Compare id.* at ¶¶ 36-55 *with* [ECF No. 1, ¶¶ 36-55].[5]

---

[3]    Although this portion of Plaintiff's Complaint (Exhibit B) is marked as an exhibit, it is the substance of her amalgamated Complaint. No other portion of her Complaint contains factual allegations or claims for relief. Thus, for all intents and purposes, Exhibit B *is* Plaintiff's Complaint in the instant case.

[4]    As previously noted, Exhibit A to Plaintiff's Complaint in the instant case contains a lengthy list of *additional* defendants. However, the Complaint makes no factual allegations or legal claims against anyone other than these five state and federal agencies.

[5]    To be sure, there are *some* differences between the amended complaint filed in the Middle District and the instant Complaint, but not in any way that matters. For instance, the instant Complaint contains a stray, nonsensical reference to a motion for contempt to

On April 7, 2021, Magistrate Judge Kidd issued a well-reasoned and detailed report and recommendations outlining the various ways in which Ms. Andujar's amended complaint was legally deficient. [ECF No. 30 in Case No. 20-cv-01804-RBD-EJK].

Magistrate Judge Kidd noted that, in some ways, Plaintiff's amended complaint, drafted by her counsel, "contain[ed] flaws even more lethal than those in the original [c]omplaint." *Id.* at 4. Specifically, the amended complaint: (1) failed to allege subject matter jurisdiction; (2) sought to bring claims under section 1983 against entities who could not be sued under that statute; (3) sought to bring statutory claims (under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Nursing Home Reform Act (FNHRA)) where there was no statutory right of action; (4) and sought compensatory damages when the amended complaint, as pled, would only allow Plaintiff to recover nominal damages. *Id.*

The district judge adopted and confirmed Magistrate Judge Kidd's report and recommendations and "made [it] a part of" the district court's order dismissing Plaintiff's

---

enforce an alimony award. [ECF No. 1, ¶ 56]. Paragraph 57 is not identical, though in both documents it asks for attorney's fees (a request which makes no sense in the instant case because Plaintiff was *pro se* at the time she filed her Complaint). There are also some differences in the relief requested in the wherefore clauses of the two documents. *Compare* [ECF No. 18, p. 9 in Case No. 20-cv-01804-RBD-EJK] *with* [ECF No. 1, p. 16]. However, for purposes of this Report and Recommendations, the two complaints are identical in every *material* way.

amended complaint with prejudice. [ECF No. 31 in Case No. 20-cv-01804-RBD-EJK].[6] The order of dismissal did not specifically reference 28 U.S.C. § 1915(e)(2)(B)(i), but it summarized Judge Kidd's report and recommendation as "finding that the [a]mended [c]omplaint is frivolous because Plaintiff continues to sue federal and state agencies that are immune from suit under § 1983." *Id.* at 2 (footnote omitted).

Plaintiff did not appeal the district court's ruling and the time for filing an appeal has passed.

Instead, on October 12, 2021, Plaintiff initiated the instant action asserting essentially the same claims against the same state and federal agency defendants as in her failed amended complaint in the Middle District.[7]

## II.    Legal Standard

As noted above, Plaintiff has moved to proceed *in forma pauperis*. The Court has an obligation to review the complaint brought by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint "is frivolous or

---

[6]    The Middle District's order of dismissal did include a footnote indicating that although Plaintiff's amended complaint "[was] not a model of clarity," the "dismissal with prejudice [bore] on the § 1983 claim only." [ECF No. 31, p. 2 n.1 in Case No. 20-cv-01804-RBD-EJK].

[7]    Three days after filing this lawsuit, Plaintiff also filed the same complaint in Case No. 1:21-cv-23622-KMW. As in the instant case, Plaintiff filed the complaint *pro se*, sought to proceed *in forma pauperis*, and, sometime thereafter, the same attorney entered an appearance.

malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," then the Court shall dismiss the case at any time. *Id.*

A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Factual frivolity means 'clearly baseless' on the facts, and legal frivolity means an 'indisputably meritless' legal theory." *Shell v. Von Saal*, No. 08-61154, 2009 WL 960809, at *1-2 (S.D. Fla. Apr. 7, 2009) (quoting *Neitzke*, 490 U.S. at 327).

A litigant's history of bringing unmeritorious litigation can also be considered in assessing frivolousness. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). This is because 28 U.S.C. § 1915 "'represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted.'" *Shell*, 2009 WL 960809, at *2 (quoting *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990)).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [Courts] will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In reviewing a motion to dismiss under Rule 12(b)(6), a court must take all

well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although she is now represented by counsel, Plaintiff was *pro se* at the time she filed the instant Complaint. "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

### III. Analysis

For the reasons discussed below, the Undersigned finds that Plaintiff's Complaint should be dismissed because it is frivolous and fails to state a claim.[8] The Undersigned will address the failure to state a claim first.

---

[8] It is also possible that Plaintiff's claims against the five state and federal agencies are barred under the doctrine of *res judicata* (also known as claim preclusion). *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). A lawsuit is barred by the doctrine of *res judicata* if the following elements are met: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013) (citation omitted).

The Undersigned notes that it cannot be disputed that the Middle District is a court of competent jurisdiction, the Plaintiff sued the same five state and federal agencies, and the amended complaint is nearly identical to the Complaint filed here.

A closer question is whether a *sua sponte* dismissal under section 1915 on frivolity grounds constitutes an adjudication on the merits. The Undersigned's research has not found any binding precedent on the issue, though there is reason to believe that it would. *See, e.g., Harmon v. Webster*, 263 F. App'x 844, 845 (11th Cir. 2008) (prior dismissal for failure to state a claim under 1915(e)(2)(B)(ii) was a final judgment on the merits for *res judicata* purposes); *Hughes v. Lott*, 350 F.3d 1157, 1161-62 (11th Cir. 2003) (finding district court erred in determining that a prior 1915 dismissal *without prejudice* had preclusive effect, but noting that section 1915 dismissals "could, however, have a *res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions").

At this juncture, it is not necessary to decide whether Plaintiff's claims against the five state and federal agencies are barred by the doctrine of *res judicata* because Plaintiff's claims against these agency defendants are due to be dismissed with prejudice on other grounds (frivolity and failure to state a claim).

A.     **The Complaint Should Be Dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)**

i.     **The Complaint Fails to State A Claim on Which Relief May Be Granted**

a.     **Plaintiff Has Not Asserted *Any* Claims Against Most of the Defendants Listed in Exhibit A**

As noted above, Exhibit A to Plaintiff's Complaint contains a lengthy list of defendants. This list is comprised of the following entities: "AHCA;" "CMS;" the "Long Term Care Ombudsman Program;" the "Department of Health;"[9] "HHS-Civil Rights and HIPPA" [sic]; and "U.S. Department of Justice Civil Rights." [ECF No. 1, pp. 2-5]. Underneath each entity, Plaintiff lists the names of individuals (presumably employees of these entities), descriptors (e.g., "many secretaries that would gate hold me"), or departments (e.g., "Customer Services"). *Id.*

Notwithstanding this long list of defendants, Plaintiff's Complaint (the substance of which is contained in Exhibit B) asserts factual allegations and legal claims against only five state and federal agencies: AHCA; FDOH; CMS; DHHS/OCR; and DCF. Therefore, the Undersigned finds that the Complaint fails to assert *any* cause of action against defendants listed in Exhibit A, who are not one of the five state and federal agencies discussed in the Complaint. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008)

---

[9]     Plaintiff does not specify whether "Department of Health" refers to the state or federal agency. However, because Plaintiff lists the Florida Surgeon General under Department of Health, it appears she is referring to the Florida Department of Health.

11

(affirming dismissal of claims against three defendants where "the complaint allege[d] that a constitutional violation occurred, . . . [but] fail[ed] to allege facts that associate[d] [the three defendants] with that violation.").

The Complaint should be **dismissed** for failure to state a claim as to those defendants listed in Exhibit A who are not the five state and federal agencies discussed in Exhibit B.

> **b.     Plaintiff Has Failed to State a Claim Against the Five State and Federal Agency Defendants**

As noted above, the standard for determining whether a complaint states a claim upon which relief may be granted is the same under 28 U.S.C. § 1915(e)(2)(B)(ii) as under Federal Rule of Civil Procedure 12(b)(6). *Mitchell*, 112 F.3d at 1490.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994) (quoting *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (certain internal quotation marks omitted)). To state a claim under section 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a **person acting under color of state law**." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

Plaintiff cannot bring a section 1983 claim against state or federal agencies. *See McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles*, 438 F. App'x 754, 756 (11th Cir.

2011) ("[A] state or state agency is not a 'person' against whom a § 1983 claim may be brought."); *Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) (*per curiam*) ("Section 1983 does not apply to federal actors acting under color of federal law."). Moreover, even under a liberal construction, Plaintiff's Complaint cannot be construed as a *Bivens* action. *See Hindman*, 278 F. App'x at 895 ("*Bivens* provides a remedy for constitutional violations when federal actors are involved, but not federal agencies.").

Additionally, Plaintiff cannot assert any claims under the Health Insurance Portability and Accountability Act (HIPAA) or the Federal Nursing Home Reform Act (FNHRA). *See Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021) (noting that "every circuit to have considered the issue has also held that no private right of action exists under HIPAA."); *Kibodeaux v. Winter Park Care & Rehab*, No. 618CV1972ORL41GJK, 2019 WL 1574860, at *1 (M.D. Fla. Feb. 22, 2019), report and recommendation adopted, No. 618CV1972ORL41GJK, 2019 WL 1569549 (M.D. Fla. Apr. 11, 2019) (noting that "[t]he Federal Nursing Home Reform Act does not provide a private cause of action").

For these reasons, the Complaint should be **dismissed** for failure to state a claim as to the five state and federal agency defendants.

### ii.   Plaintiff's Complaint is Frivolous

Plaintiff's Complaint is also frivolous under section 1915(e)(2)(B)(i). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349.

As noted above, state and federal agencies cannot be sued under section 1983. Additionally, Plaintiff relies on federal statutes which do not recognize a private right of action. Therefore, Plaintiff's Complaint as to the five state and federal agencies should be dismissed as frivolous under section 1915(e)(2)(B)(i).

The Complaint fails to plead *any* claims as to the remaining defendants (those defendants listed in Exhibit A who are not the five state and federal agencies). Thus, the Undersigned has not had an opportunity to review Plaintiff's claims against those defendants for frivolity.

**B.** **Dismissal Should Be with Prejudice as to the Five State and Federal Agency Defendants and Without Prejudice as to the Additional Defendants Listed in Exhibit A**

Ordinarily, courts should provide a *pro se* plaintiff with an opportunity to correct deficient pleadings unless the amendment would be futile. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). "Amendment would be futile if the amended complaint would still be subject to dismissal." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

Here, Plaintiff's Complaint as to the five state and federal agency defendants is fatally deficient. Plaintiff cannot maintain a section 1983 claim against the five state and federal agencies and no amendment would be able to cure that deficiency. Therefore, Plaintiff's Complaint should be **dismissed with prejudice** as to the five state and federal agency defendants.

However, Plaintiff has not actually asserted *any* claims against most of the defendants listed in Exhibit A.[10] Out of an abundance of caution, Plaintiff should be provided with one opportunity to amend her Complaint. The Undersigned believes this is the more prudent route. If Plaintiff, now represented by counsel and with the benefit of this Report and Recommendations and the Middle District's report and recommendations, is unable to assert viable claims on her second attempt, then the Court should, at that point, dismiss Plaintiff's amended complaint with prejudice.

Plaintiff is warned, however, that she cannot assert or re-assert a section 1983 claim against state and federal agencies who are not proper defendants. This prohibition applies to any state or federal agency listed in Exhibit A of her Complaint. Any section 1983 claim must include factual allegations showing that a person was acting under color of state law. *West*, 487 U.S. at 48. Additionally, Plaintiff cannot re-assert claims under HIPAA or FNHRA because there is no private cause of action recognized by those statutes. The amended complaint should also cure the subject matter jurisdiction and damages deficiencies identified in Magistrate Judge Kidd's report and recommendations [ECF No. 30 in Case No. 20-cv-01804-RBD-EJK].

---

[10]     There are some state and federal agencies listed in Exhibit A. Of course, any amended complaint may not allege a claim under section 1983 against *any* state or federal agency, including those listed in Exhibit A, for the reasons discussed in this Report and Recommendations.

15

Any amended complaint must also address venue. The Undersigned notes that Plaintiff's Complaint states in a conclusory manner that "[v]enue is proper in [the] Southern District of Florida[,] Miami where the cause of action accrued." Complaint [ECF No. 1, ¶ 2]. However, it is not readily apparent from the allegations in Plaintiff's Complaint that *any* actions occurred in the Southern District of Florida. Plaintiff resides in Orlando, Florida and at least some of the allegations occurred in the Middle District of Florida.

### C.    Plaintiff's Motion to Proceed *in Forma Pauperis* Should Be Denied without Prejudice

Pending before this Court is Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3]. The Undersigned **respectfully recommends** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] be **denied without prejudice**. Plaintiff may re-file her motion to proceed *in forma pauperis*, if and when, she files her amended complaint.

**Note:** This Report and Recommendations does not conclude that Plaintiff in fact has viable factual and legal grounds to file an amended complaint. It merely recommends that she be given the opportunity to do so *if* (and this is a big if) she can do so consistent with her obligations under Federal Rule of Civil Procedure 11. If she cannot, then (obviously) she should not file an amended complaint. Because Plaintiff is now represented by counsel, her counsel is, of course, also subject to Rule 11's due diligence requirements.

16

## IV.    Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the Complaint be *sua sponte* **dismissed with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as to the five state and federal agency defendants; that the Complaint be *sua sponte* **dismissed without prejudice** under section 1915(e)(2)(B)(ii) as to the remaining defendants listed in Exhibit A; and that Plaintiff's motion to proceed *in forma pauperis* be **denied without prejudice to renew**, if and when an amended complaint is filed

The Court, under subsection (c)(3) of Rule 11, is authorized to, on its own, order counsel or Plaintiff to show cause why the conduct specifically described in the order (concerning an amended complaint) has not violated Rule 11(b). Perhaps Plaintiff, with the assistance of counsel, will be able to in good faith submit an amended complaint which does not run afoul of Rule 11(b). If that were to occur, then Plaintiff and her counsel would not be subject to sanctions under Rule 11. But, as flagged above, the "if" scenario is a substantial hurdle.

## V.    Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue

covered in this Report and Recommendations and shall bar the parties from attacking on

appeal any factual or legal conclusions contained in this Report and Recommendations

and to which they did not object, except upon grounds of plain error if necessary in the

interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley*

*v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); CTA11 Rule 3-1.

       **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on

December 8, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
Counsel of Record